EASTERN DIST.
February, 1840.

WILCOX ET AL.
vs.
HALDERMAN
ET AL.

---

### WILCOX ET AL. *vs.* HALDERMAN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

In an action to render the captain and owners of a steam-boat liable in damages for the value of sundry bags of corn shipped on board and delivered in a damaged state, evidence will not be received to show that the corn was purchased from the captain in order to make him liable as seller.

EASTERN DIST.
*February*, 1840.

WILCOX ET AL.
*vs.*
HALDERMAN
ET AL.

This is an action in which the plaintiffs allege, the defendants are indebted to them in the sum of four hundred and fifty-four dollars in damages, being the value of one hundred and sixty bags of corn, shipped in good order on board the steam-boat Arkansas, commanded by the defendant, Halderman, and delivered at the port of destination in a totally damaged state. They pray judgment against the captain and owners of said boat for the amount of their said demand.

The defendants pleaded a general denial. On the trial, the plaintiffs' counsel offered a witness to prove that the corn was purchased from the captain, and that he represented it to be of first rate quality, to all of which testimony the defendants' counsel objected, on the ground that it was inadmissible under the pleadings, inasmuch as the suit was instituted for a breach of contract of affreightment. The court overruled the objections and admitted the testimony, and the defendants excepted.

The district judge summed up the case, and rendered judgment as follows:

" This is a suit for damages sustained by a deterioration of goods shipped on the steamer Arkansas, on freight. The bill of lading is in the usual form. The object of the contract of affreightment was corn in sacks. The sacks were in good order at the time of the shipment, and are proved by plaintiffs' witness, the consignee, to have been delivered in like good order. When examined and used, however, after delivery, the corn was found to be damaged or spoiled from internal decay ; at least it is supposed that was the cause of the damage, as the evidence does not attempt to explain the deterioration in any other manner, and as the packages or sacks are proved to have arrived in good order.

" Deterioration of the cargo from internal decay, perils of the sea, (or river,) or *vis major*, are not warranted against by the ship owner, and do not diminish or destroy his claim for freight. See 3 *Kent's Commentaries*.

" The witness, Collins, who purchased the corn for plaintiffs, proves that it was of first rate quality when the contract of affreightment was made, and that the corn received by

EASTERN DIST.
February, 1840.

WILCOX ET AL.
vs.
HALDERMAN
ET AL.

the consignee could not have been the corn that plaintiffs shipped.

"If there was any change of the merchandize on the route, this would have been clearly a fraud and barratry on the part of the agents of the owners of the vessel, for which the defendants would have been liable. But the testimony of several witnesses negatives this fact, which, indeed, has nothing to support it but the opinion, (however decided and sincere,) of the witness, Collins.

"It is, therefore, adjudged and decreed, that there be judgment in favor of the defendants, with costs."

The plaintiffs appealed.

*Josephs*, for the appellants, contended, that the evidence of Collins showed the corn was purchased on the representations of the captain that it was of first rate quality, and for which he gave a bill of lading, that it was shipped in good order.

2. The position occupied by the defendant, Halderman, removes this case from the general operation of the law cited by the district judge. He cannot pretend ignorance as to the quality or condition of the corn, because it was *in his possession* long before it became the property of the *present* plaintiffs; and was purchased by their agent upon *his assurance* of its excellence, immediately after which assurance he signed the bill of lading sued on. If any deception was practised upon the plaintiffs, he is proved to have been the author of it.

*Benjamin*, and *T. Slidell*, for the defendants, insisted that the case turned mainly on questions of fact decided by the district judge, and his judgment should not be reversed unless manifestly erroneous.

2. The ship owner is not responsible for injury arising from the natural deterioration of the article shipped. 3 *Kent's Commentaries*, article on *Shipping*.

3. The corn was delivered in the same order in which it was shipped. From its external appearance it was in good order, both when shipped and delivered.

EASTERN DIST.
*February*, 1840.

WILCOX ET AL.
*vs.*
HALDERMAN
ET AL.

4. The consignee accepted the corn after examination, and without objection. This barred all recovery, if any right ever existed. 12 *East*, 381 ; 4 *Campbell*, 119.

*Bullard, J.*, delivered the opinion of the court.

This is an action against the captain and owners of the steamboat Arkansas, to recover the value of one hundred and sixty bags of corn, which were shipped in good order on board said boat, but delivered at the place of destination damaged, and totally unfit for use.

It appears by a bill of exceptions, to which our attention has been called, that the plaintiffs produced the testimony of a witness to prove that the corn shipped on board the boat was purchased from the captain, one of the defendants ; and that he represented it to be of first rate quality. This evidence was objected to as inadmissible under the pleadings, the suit being for a breach of a contract of affreightment, upon which alone issue was joined. The evidence was, however, admitted. This bill of exceptions was taken by the defendant, and, therefore, needs no further notice, but we think that so far as the evidence offered tended to make one of the defendants liable as vendor, it was inadmissible under the pleadings.

In an action to render the captain and owners of a steamboat liable in damages for the value of sundry bags of corn shipped on board and delivered in a damaged state, evidence will not be received to show that the corn was purchased from the captain in order to make him liable as seller.

Whether the corn was injured during the short time it was on board, or whether its deterioration was attributable to internal decay, and from causes existing previously to the shipment, is a question of fact, which the court below decided in favor of the defendants, and we see no good reason why it should not be affirmed.

The judgment of the District Court is, therefore, affirmed, with costs.